U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 3 2012

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN TRACY JOSEY,                    §
                                     §
              Petitioner,            §
                                     §
v.                                   §        No. 4:11-CV-633-A
                                     §
RICK THALER, Director,               §
Texas Department of Criminal         §
Justice, Correctional                §
Institutions Division,               §
                                     §
              Respondent.            §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, John Tracy Josey, a state
prisoner currently incarcerated in the Texas Department of
Criminal Justice, Correctional Institutions Division (TDCJ), in
Gatesville, Texas, against Rick Thaler, Director of TDCJ,
respondent.  After having considered the pleadings, state court
records, and relief sought by petitioner, the court has concluded
that the petition should be dismissed with prejudice, in part,
and dismissed without prejudice, in part.

I.  FACTUAL AND PROCEDURAL HISTORY

In this petition, petitioner appears to challenge his
October 22, 2003, conviction for possession of a controlled

substance, methamphetamine, in Bell County, Texas, No. 51,981,

and his September 14, 2011, conviction and sentence for evading

arrest in the 271st District Court of Wise County, Texas, Case

No. CR15821, as enhanced by the 2003 Bell County conviction.[1]

(Pet. at 2, 6-7; 06State Habeas R. at 13[2]; Resp't Preliminary

Resp., App. A)

Petitioner received a 30-month sentence on his 2003 Bell

County conviction. (Pet. at 6)  He appealed the conviction, but

the Third District Court of Appeals of Texas dismissed the

appeal. *Josey v. State*, No. 03-03-00652-CR, 2003 WL 22860759

(Tex. App.–Austin Dec. 4, 2003) (not designated for publication).

Petitioner also filed a state habeas application challenging the

conviction on October 5, 2010, which was dismissed on November 3,

2010, by the Texas Court of Criminal Appeals because his 30-month

sentence has been fully discharged. (06State Habeas R. at cover)

Petitioner asserts his sentence was fully discharged on February

10, 2004. (Pet. at 6)

---

[1]Bell County lies within the United States District Court
for the Western District of Texas, Waco Division.  However,
petitioner was confined in Wise County, Texas, which lies in this
division, at the time this petition was filed.

[2]"06State Habeas R." refers to the court record of
petitioner's state habeas application no. WR-57,173-06.

Petitioner is currently serving a 99-year sentence on his 2011 Wise County conviction.  (Resp't Preliminary Resp., App. A) Petitioner's prior 2003 conviction was one of two prior felony convictions used to enhance his sentence for the present offense. (*Id.*)  Petitioner has appealed the 2011 conviction and sentence, which remains pending at this time.  (*Id.*, App. B)

## II.  ISSUES

Petitioner essentially raises two grounds for habeas relief, which are construed as follows:  (1) his constitutional due process rights were violated in the 2003 Bell County case because he was held for 896 days in the Bell County jail before agreeing to plead guilty in exchange for a 30-month sentence, and (2) the unconstitutional 2003 Bell County conviction cannot be used as evidence against him or used in a later judicial proceeding for enhancement purposes because he served the 30-month sentence at one time, day for day, and the sentence is fully discharged. (Pet. at 7-8)

## III.  PRELIMINARY RESPONSE

Pursuant to this court's order, respondent filed a preliminary response addressing only the issue of limitations. Respondent asserts that, to the extent the petition challenges petitioner's 2003 Bell County conviction, it should be dismissed

for lack of subject matter jurisdiction.   (Resp. Preliminary Resp. at 1 n.2)  Respondent asserts that, to the extent the petition challenges petitioner's current sentence, it is timely under the one-year statute of limitations, but that his claim is unexhausted.  (Resp't Preliminary Resp. at 1 n.2, 2-3)

IV.   SUBJECT MATTER JURISDICTION

Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding.  *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack.  *Maleng*, 490 U.S. at 490-91.  This is true even if the prior conviction is used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  *Maleng*, 490 U.S. at 492.  Petitioner's 30-month sentence for his 2003 Bell County conviction fully expired in 2004.  Thus, he was not in custody under the 2003 conviction and sentence at the time this petition was filed, and he may not now challenge the 2003 conviction directly in a § 2254 petition.  *Garlotte v. Fordice*,

4

515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

## V.   STATUTE OF LIMITATIONS AND EXHAUSTION

Petitioner does satisfy the "in custody" requirement for jurisdictional purposes to the extent he challenges his current 99-year sentence, as enhanced by his 2003 Bell County conviction and a prior 2005 drug-related conviction.   Further, the petition is timely filed under the one-year federal limitations provision. 28 U.S.C. § 2244(d)(1).[3]   Nevertheless, to be eligible for federal habeas relief, a petitioner must have exhausted available state court remedies.   28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).   For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state.   *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).   Thus, a Texas prisoner may satisfy the exhaustion

---

[3]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling.   *See* 28 U.S.C. § 2244(d)(1)-(2).

requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Because petitioner's appeal of his present conviction and sentence remains pending, the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of his claim and render a decision.  Thus, a ruling from the federal court at this juncture would be premature.  *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

For the reasons discussed herein,

The court ORDERS the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as to his first claim for lack of subject matter jurisdiction and dismissed without prejudice as to his second claim on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED January ___23___, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE